The injunction, therefore, must be dissolved.

[No appeal was taken from this order.]

ROBERT GOLDSBOROUGH ET AL.
vs.                                    } JULY TERM, 1848.
MARTHA R. RINGGOLD ET AL.

[TRUSTEES IN CHANCERY—RELIEF IN CASES OF MISTAKE.]

IT is the established doctrine in Maryland, that a sale made by a trustee under a decree of the Court of Chancery, is a transaction between the court and the purchaser; and, the report of the trustee and the order of the court, ratifying the same, must be regarded as the evidence of the contract between the parties.

Before a party can be relieved, in the case of a written contract, upon the ground of mistake, the evidence of mistake must be clear and satisfactory, and if any reasonable doubt can be entertained on the subject, relief will be refused.

The mistake sought to be rectified, was in regard to the number of acres sold under the decree. The only evidence was found in a survey ordered by the court, upon the *ex parte* application of the petitioner, which differed from the survey, according to which the land was sold. It was HELD—that this evidence was not sufficient to overthrow the contract on the ground of mistake.

If a purchaser would be refused redress, upon the ground of a deficiency in the number of acres, he could not be obliged, under the same circumstances, to pay for an excess.

[The facts of this case will appear from the Chancellor's opinion :]

THE CHANCELLOR:

This case is brought before the court upon the petition of Martha R. Ringgold, filed on the 5th of May, 1844.

It appears by the proceedings, that, on the 2d of April, 1836, the real estate of William Ringgold, deceased, was sold under a

decree of this court, upon a creditor's bill, for the payment of his debts, and that William Emory became the purchaser thereof; which sale was duly reported to the court in a few days thereafter, and was finally ratified and confirmed on the 20th of the succeeding month of June. The land was sold for $24 52 per acre, and, according to the report of the trustee, contained five hundred and sixty-six acres ; the purchase money amounting to $13,878 32, and the terms of sale were fully complied with by the purchaser.

It also appears, that prior to the sale, the trustee had caused the lands to be surveyed by the county surveyor, by which they were ascertained to contain the number of acres mentioned in the report, and that the plat and certificate of this survey were exhibited to, and seen by, the bidders on the day of sale.

The proceedings likewise show that the purchase money had been paid by the purchaser, and distributed and paid over to the parties entitled, under the orders of this court, long before the present petition was filed, without any notice, or intimation to the purchaser, that an error was supposed to exist in the survey, which was, as before mentioned, exhibited by the trustee to the bidders on the day of sale.

As early as March, 1841, as appears by the report of the Auditor, and the order of the Chancellor, the residue of the proceeds of sale, amounting to $9072 61, that sum remaining after the payment of the claims of creditors, was paid over to the guardians of Martha R. Ringgold, the present petitioner, she being as the devisee of the deceased William Ringgold entitled to such residue.

It is further shown, by an order of the Chancellor, passed on the 10th of May, 1837, that the expense incurred by the trustee, in having the lands surveyed prior to the sale, was allowed to him out of the proceeds.

Under these circumstances the present petition is filed, in which, upon the ground of a supposed mistake made in the said survey, and upon the allegation that the lands contained a greater number of acres than had been paid for, the court was asked to order a resurvey, and that the purchaser might, in the event of an excess, be compelled to pay therefor.

A resurvey was ordered, by which it appears that there is an excess of 42 acres and 8 perches; and the question is, whether the purchaser shall be made to pay for this excess, at the price per acre bid by him at the trustee's sale.

The application of the petitioner is resisted upon several grounds, and counsel have been heard on both sides.

It is the established doctrine in Maryland, that a sale made by a trustee, under a decree of the Court of Chancery, is a transaction between the court and the purchaser, and the report of the trustee, and the order of the court ratifying the sale, must be regarded as the evidence of the contract between the parties. In this case, the trustee's report states the terms of sale, and the quantity of acres contained in the tract, and this report, after notice in the usual form was duly ratified and confirmed.

The petitioner alleges, that in this contract, thus solemnly ratified, there was a mistake, injurious to her, and that the tract, instead of containing the number of acres mentioned in the report of the trustee, contained in fact upwards of six hundred acres; and her counsel insist, that the mistake must be rectified, and the purchaser compelled to pay for the excess.

The imputed error in the first survey is denied, or, at all events, is not admitted, and of course must be proved, the *onus* being on the party alleging the mistake.

The proof offered is the plat and certificate of the resurvey, made under the order of this court. But this plat and certificate differ from the survey which the trustee caused to be made, preparatory to the sale, and which the court, to some extent, adopted, by ordering the expense of it to be defrayed out of the purchase money; for it is impossible to suppose the court would have charged the estate with the cost of this survey, if it had not been regarded as made by proper authority, and as furnishing a proper basis upon which to settle with the purchaser of the property. That this survey was in fact the basis of the contract between the purchaser and the court, is shown beyond all controversy.

Now, before a party can be relieved in the case of a written contract, upon the ground of mistake, the evidence of the mis-

take must be clear and satisfactory. 1 *Story's Equity*, 169, sec. 157. If there be any ambiguity in the proofs, or a reasonable doubt can be entertained upon the subject, the cases all show, relief will be refused.

It was, upon one occasion, said by Lord Thurlow, that there was no instance in which relief was granted upon the ground of mistake; and although this *dictum* will be found unsupported by the adjudged cases, they all concur in demanding clear and convincing evidence of the mistake, before relief will be granted. *Gillespie* vs. *Morn*, 2 *Johns. Ch. Rep.*, 507.

In this case, the only evidence of the mistake is to be found in a survey which differs from the surveys according to which the land was sold. The one of these surveys was made by the county surveyor, acting under the authority of the trustee, and adopted by the court in the mode which has been mentioned. The other was made by a surveyor specially appointed by the Chancellor for the purpose, upon the *ex parte* application of the petitioner, and I am at a loss to see why more confidence should be reposed in the one than in the other. I purposely abstain from remarking upon the conduct of the officer by whom the last survey was made, which has been the subject of a good deal of criticism on the one side, and of justification on the other, and deem it quite sufficient to say, that, under all the circumstances of the case, I perceive no reason why the last survey should have that preponderating weight as evidence, which the rule applicable to the case, clearly requires of a party who seeks to overthrow a written contract, upon the ground of mistake.

There is, moreover, another principle which, in my judgment, is fatal to the present application. The purchase money in this case has been long since paid and distributed, and if the purchaser should now be evicted by a superior title, he would be without remedy, and would have to submit to the loss. *Glenn* vs. *Clapp*, 11 *Gill & Johns.*, 10.

This being so, it would be strange, if the parties who have received the money, or indeed any other parties, years after the payment and distribution of the money, could be permitted to

call upon the purchaser to pay a larger sum, upon the ground that he had got more land than was supposed at the time of the purchase. Among parties equally innocent there should be a reciprocity of rights and remedies, and if, therefore, from causes for which he is in no wise to blame, the purchaser would be compelled to bear the whole loss, if the entire property should be taken from him, or a partial loss, if deprived of a part of it, it is difficult to discover the principal of equity upon which he can be held responsible, upon the ground assumed in this petition.

If the purchaser, by reason of the successful assertion of a superior outstanding title, should lose a part of the land paid for, or if, as the case stood at the time this petition was filed, he would be refused redress, upon the ground of a deficiency in the numbers of acres, it would seem to follow inevitably that he should not be obliged under the same circumstances to pay for an excess.

This principle of mutuality, I think, would be applicable to the case, if the parties had possessed the same information at the period of the sale, and surely the purchaser here has a superadded right to ask that it be enforced for his protection, when it is recollected, that the agent of this court, through whom the sale was made, was informed of the supposed excess, on or about the day of sale, and did not impart the information to the bidders, or make the fact known to the purchaser in season, to enable him to avail himself of it at the proper time; if, indeed, it would at any time have furnished him a ground of relief.

This circumstance gives stringent force to the principle, in favor of this purchaser, and would, in my view of it, be conclusive against the present application.

Without, therefore, expressing an opinion upon the other questions discussed at the bar, my judgment is, that the petition must be dismissed, and shall pass an order accordingly.